20577—Nick Scaccute v. State of Ohio. Motion for leave to file petition in error to Columbiana Appeals. Allowed. Dock. 6-7-27; 5 Abs. 378.

20578—The Ohio Contract Purchase Co. v. W. H. Pierce. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 6-7-27; 5 Abs. 378.

20579—The Ohio Contract Purchase Co. v. William F. Wasner. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 6-7-27; 5 Abs. 378.

20587—The Equitable Life Assurance Society of United States v. Luella May O'Neill. Motion for Montgomery Appeals to certify. Overruled. Dock. 6-10-27; 5 Abs. 398.

20594—Leander Skellhorn v. Charles D. Eastman, extr. et al. Motion for Crawford Appeals to certify. Overruled. Dock. 6-13-27; 5 Abs. 398.

20599—E. C. Stanton, prosecutor attorney v. Tax Commission of Ohio. Motion for Cuyahoga Appeals to certify. Allowed. Dock. 6-14-27; 5 Abs. 398.

# SYLLABI
## Cases Published in the Abstract

### No. 489

No. 19828—State ex rel. National Mutual Ins. Co. v. Conn, Supt.

No. 19829—State ex rel. Celina Mutual Casualty Co. v. Conn, Supt.

533. FIRE INSURANCE—1. Mandamus to compel renewal of license by State Insurance Commission on the ground that company applying is paying excessive salaries denied in absence of proof that they were reasonable.

2. Court may in determining the right of applicant to a renewal license, compare salaries paid by it, with other mutual companies of approximately same gross premium. MARSHALL, C. J.

1. The salaries of the executive officers of mutual insurance companies organized under Ohio laws are not the subject-matter of direct judicial inquiry, but where the superintendent of insurance has refused to renew the license of such company on the ground that excessive and exorbitant salaries have been paid and restoration has not been compelled and an action in mandamus is instituted in this court praying the extraordinary writ of mandamus to compel the issuance of a renewal license, the writ will be denied in the absence of proof that such salaries were reasonable.

2. In determining whether the superintendent has denied a clear legal right to a mutual insurance company in refusing to renew a license on such grounds, this court may properly make comparisons of the salaries paid with the salaries paid by other mutual insurance companies having approximately the same gross premium income.

Writ denied.

Day, Allen and Kinkade, JJ., concur. Robinson, Jones and Matthias, JJ., dissent.

No. 20528—State ex rel. James A. McBride v. Alfred C. Deckebach, Auditor. In Mandamus.

788. MUNICIPALITIES—A city ordinance requiring applicant for license to operate taxicab to furnish liability insurance or, in lieu thereof, indemnity bond, is valid and constitutional.

291. CONSTITUTIONAL LAW — Under Art. XVIII, Sec. 3 of the Ohio Constitution Charter municipality has power to require taxicab operator to furnish liability insurance or indemnity bond.

ALLEN, J.

1. Sections 702-2c and 702-2d of the code of ordinances of the city of Cincinnati, which require an applicant for a license to operate a taxicab within the city of Cincinnati to furnish the city auditor of Cincinnati with a policy of insurance or in lieu thereof with a surety bond executed by responsible individuals or by a company authorized to write such bonds indemnifying such operator against loss or injury from the negligent operation of such taxicab are valid and constitutional.

2. Under Article XVIII, Section 3, of the Ohio Constitution, a charter municipality has power to acquire a taxicab operator to furnish insurance or bond indemnifying such operator against loss or injury from the negligent operation of his taxicab as a condition precedent to the issuing of a license to operate such taxicab on the city streets.

Writ denied.

Marshall, C. J., Day Kinkade, Robinson, Jones and Matthias, JJ., concur.